Swing, J.
. In deciding this ease it is not necessary that the facts should be set forth in detail. The question for our determination is, what was the widow of A. P. Young entitled to upon distribution of the pei’sonal estate. Sec. 4176, Rev. Stat., provides * * * “The widow or widower shall be entitled to one-half of the first four hundred dollars, and to one-third of the remainder of the personal property subject to distribution.” Was the sum of $10,750, the amount in controversy here, personal property of the estate for distribution?
*106 The statute contemplates that the administrator shall collect the assets of the decedent’s estate within one year after bond is given. (See Rev. Scat., sec. 6062). A collection of assets means that the personal property of the- estate shall be reduced to money, and after the payment of the debts of the estate and the collection of all assets, then, and not till then, is the estate ready for distribution. The only thing that the statute contemplates as assets for distribution, is money. This $10,750.00 was not collected by the administratrix, was not reduced to money, and was never in her hands for distribution, and was not distributed, and the widow is not entitled to any portion of it on distribution, unless what has been done by the administratrix and the heirs is equivalent to a collection of this sum, or unless those who are now contesting the right of the widow to be allowed the amount claimed by her have, by'their acts towards her, estopped themselves from denying the claim.
For while the statute contemplates the reduction of the assets of an estate to money before an estate is settled and ready for distribution, and that the only thing that can be distributed in money ; it is clear that if the administrator and those entitled to distribution, enter into an agreement, in which the administrator turns over to those entitled to the distribution, personal property not reduced to money, but which is accepted by the distributees as money, or in lieu of money, the court would carry out the arrangement of the parties, and treat it the same as if actually collected.
"Was any such arrangement entered into and carried out by the parties as to the mattter here in controversy ?
It seems to us too clear to admit of serious controversy that neither the widow nor the heirs have regarded the notes of the husbands of the heirs as assets in the hands of the administratrix for collection. As far as appears, no effort was even made to collect these notes. All were probably barred by the statute of limitations. The deceased, A. P. Young, had never made any effort to collect them, and the note against J. C. Lory was ad *107 mitted to be wholly worthless. What the parties did in regard to these notes is free from any doubt, their agreement is in writing, and it was to the effect that they would treat the notes as to certain specified sums as advancements made by the father to his daughters, and there is nothing to show that they ever agreed to treat the several sums that go to make up the $10,750, as anything else but advancements, and while the widow did not sign this agreement, the evidence clearly shows that she was aware of it, and what she did was in conformity to it, until the claim in controversy was set up; but whether or not the widow as administratrix, is bound by the agreement between the heirs, and whether she is estopped from claiming hereafter that these notes are 'assets of the estate to be collected, it is not necessary for us to express an opinion on.
If these several sums which make up the $10,750.00 were treated by the administratrix and the heirs — the distributees —as advancements, the widow is not entitled to any portion of the same on distribution, for surely sums advanced to children are not assets in the hands of an administrator for distribution. Whelher these several sums were in fact advancements, or whether they were debts due the estate and there-' fore assets, is hardly a question for our-consideration, for if they were in fact debts due the estate, but the administratrix and the distributees made an agreement and acted upon it, to the effect that they were advancements, whatever rights accrued to either the administrator, widow or distributees by virtue of the agreement, must be such rights as the law would give the parties to the sums as if they were in fact advancements. So the question must come to this : How did the parties themselves agree to treat these several sums ? There can be but one answer to this question. The agreement was that the sums must be treated as advancements.
If we are correct in our conclusions, it follows that the widow is not entitled to any portion of this sum of $10,750.00 on distribution, for the reasons stated, viz:
MilliJdn, Ws,sco & Baker, for widow.
Morey & Andrews and A. F. Hume, for heirs.
■ 1st. The administratrix has never collected this sum, and never had it on hand for distribution, and
2nd. The agreement of the parties was to the effect that these sums were to be treated as advancements, and that the widow by virtue of it did not get any right to treat said several sums as though they were debts collected and on hand for distribution.
The conclusion arrived at in effect determines all the errors assigned. The 5th, 7th, 8th, 9th 10th and 11th grounds for error, set out in plaintiff’s petition in error, relating to errors as to admission of evidence, even if well taken could not have beén prejudicial to the plaintiff in error’s rights.
The judgment of the court ofcommom pleas will therefore be affirmed, and the cause remanded to said court to carry this judgment and the judgment found in court of common pleas into execution.